## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLOTTE MELANCON** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **KNIGHT SPECIALTY INSURANCE COMPANY, STEVE GARNER, NORCO-CORPORATION & GEICO CASUALTY COMPANY** | * * * * | **MAGISTRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

**TO:** The Honorable Judges of the
United States District Court for the
Middle District of Louisiana

**PLEASE TAKE NOTICE** that Defendants, Knight Specialty Insurance Company, Steve Garner, and Norco Corporation, through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the matter entitled *Charlotte Melancon v. Knight Specialty Insurance Company, et al*, Docket No. 132509, pending in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana (the "State Court Action"), to the United States District Court for the Middle District of Louisiana, and respectfully represent as follows:

### FACTUAL AND LEGAL BASES FOR REMOVAL

1. The bases for removal of this action are that the parties are diverse in their respective citizenships and the amount in controversy exceeds $75,000, the minimum amount required for this Honorable Court to exercise its diversity jurisdiction.

2. 28 U.S.C. § 1441 provides that, "any civil action, brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[1]

3. 28 U.S.C. § 1332 provides that, "district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."[2]

4. As will be demonstrated *infra*, the claims of Plaintiff, Charlotte Melancon (hereinafter referred to as "Melancon") exceed the sum or value of $75,000 based upon Plaintiff's Responses to Requests for Admission.

5. Venue for removal is proper in this District pursuant to 28 U.S.C. § 1446(a). Specifically, Ascension Parish is located in the Middle Judicial District of Louisiana. 28 U.S.C. § 98(b).

6. This action is not removable on the face of the Petition because Plaintiff failed to comply with Louisiana law (La.C.C.P. art. 893A.(1)), by not including an allegation to establish or defeat jurisdiction in federal court, namely, she failed to allege whether her claims are below or above the $75,000 threshold for diversity removal.[3] Further, it is not clear from the Petition if the good-faith amount in dispute meets the $75,000 threshold for diversity removal.

7. This Notice of Removal, however, is being filed within 30 days of receipt of "other paper" from which Defendants first learned that Plaintiff's claim meets the $75,000

---

[1] 28 U.S.C. § 1441.
[2] 28 U.S.C. § 1332.
[3] See Exhibit "A"

threshold for removal. Specifically, this "other paper" is Plaintiff's December 16, 2021 written Responses to Requests for Admissions.[4]

8. A copy of the State Court Record is attached here as Exhibit "C."[5]

## DIVERSITY OF CITIZENSHIP

9. On October 11, 2021, Plaintiff, Melancon, commenced the captioned action by filing a Petition for Damages (the "Petition") in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana.[6] Plaintiff named as Defendants in the State Court Action: (a) Knight Specialty Insurance Company; (b) Steve Garner; (c) Norco Corporation; and, (d) GEICO Casualty Company ("GEICO").[7]

10. Plaintiff requested service on all parties.

11. The Petition and Citation directed to Knight, were served Long Arm on November 4, 2021.[8]

12. The Petition and Citation directed to Steve Garner were served by certified mail on November 1, 2021.[9]

13. The Petition and Citation directed to Norco Corporation were served by certified mail on November 1, 2021.[10]

14. The Petition and Citation directed to GEICO were served through the Secretary of State on October 13, 2021.[11]

---

[4] Exhibit "B."
[5] See Exhibit "C"
[6] Exhibit "A."
[7] *Id*.
[8] Exhibit "D."
[9] Exhibit "E."
[10] Exhibit "F."
[11] Exhibit "G."

4862-8929-9976.1                                        3

15. GEICO is a nominal party to the State Court Action. A Joint Motion and Order of Limited Dismissal, signed by counsel for Plaintiff and counsel for GEICO, dismissing GEICO with prejudice has been filed with the Clerk of Court for the 23rd Judicial District Court for Ascension Parish.[12] Consequently, GEICO is not required to consent to or join in the removal of this action to federal court.

16. In her Petition, Plaintiff alleges that on November 3, 2020, Plaintiff, Charlotte Melancon, was eastbound on I-10 exiting the interstate.[13] At the same time, Defendant, Steve Garner was in the left hand lane eastbound on I-10.[14] Plaintiff alleges that Garner was exiting I-10 and proceeded into the intersection and collided with Plaintiff's vehicle.[15]

17. The Petition establishes that at the time of the filing, Plaintiff was and is a citizen of Louisiana.[16] Accordingly, Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

18. In her Petition, Plaintiff alleges that Defendant, Knight Specialty Insurance Company is a foreign insurance company.[17] Defendant, Knight Specialty Insurance Company, is a corporation incorporated in the state of Delaware, with its principal place of business located in Delaware. Consequently, Knight Specialty Insurance Company is deemed to be a Delaware citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

19. In her Petition, Plaintiff correctly identifies Norco Corporation as a foreign corporation, incorporated in the State of Texas.[18] Norco Corporation's principal place of business

---

[12] Exhibit "H."
[13] Exhibit "A."
[14] *Id*.
[15] *Id*.
[16] *Id*., Preamble.
[17] *Id*., ¶ 1(a)
[18] *Id*., ¶ 1(c)

in Texas. As such, Norco Corporation is a citizen of the State of Texas for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

20. In her Petition, Plaintiff correctly identifies Defendant, Steve Garner as a resident of the State of Texas, domiciled in the State of Texas.[19] As such, Defendant, Steve Garner is a citizen of the State of Texas for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

21. Although, Defendant, GEICO has been jointly dismissed from suit, GEICO is a Maryland Corporation with its principal place of business in the State of Maryland and as such is a citizen of the State of Maryland for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

22. Complete diversity of citizenship of the parties exists between Plaintiff and all named Defendants as of the date of this removal. Plaintiff is a citizen of Louisiana, and, as set forth above, none of the properly joined Defendants are citizens of Louisiana for diversity purposes.

**REMOVAL TIMELINESS**

23. 28 U.S.C. § 1446(b) governs the timeliness of removal. It provides that removal be filed within thirty days after receipt of the initial pleadings, assuming the initial pleadings meet the "facially apparent" test, and if not, then within thirty days after receipt of some "other paper" from which it may first be ascertained that the case is or has become removable.

24. This removal is being filed within thirty (30) days of the December 16, 2021 receipt of Plaintiff's written Responses to Requests for Admissions.[20] These Responses to

---

[19] *Id.*, ¶ 1(b)
[20] Exhibit "B."

Requests for Admissions constitute the "other paper" allowing for the removal of this case to federal court.

## AMOUNT IN CONTROVERSY

25. Where the amount of damages is not stated with specificity, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[21]

26. "The removing party can satisfy this burden in two ways: (1) it must establish that it is 'facially apparent' from the complaint that the claims likely exceed $75,000, or (2) it must present 'summary judgment-type' evidence through the removal petition or accompanying affidavit, showing the amount in controversy is met."[22]

27. Courts have held that defendant's conclusory damage allegations are not sufficient to establish whether the requisite amount is present.[23] Rather, the "summary-judgment" type evidence is required.

28. It is not facially apparent from the Petition that the claims likely exceed $75,000, and, thus, Defendants rely upon prong two of the requisite burden of proof.[24]

29. Article 893(A)(1) of the Louisiana Civil Code of Procedure precludes a Plaintiff from stating a specific monetary amount of damages sought. Nonetheless, the article states that

---

[21] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[22] *Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, 2011 U.S. Dist. LEXIS 110182, *17 (W.D. La. Sept. 22, 2011) (citing *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); and, *Allen*, *supra*, 63 F.3d at 1335 (5th Cir. 1995)).
[23] See, *De Aguilar II*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[24] *See Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D.La. Dec. 19, 2014), quoting from *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D.La. Oct. 18, 2000) "When…the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'"

"if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite is required."[25]

30. Plaintiff's Petition does not indicate any monetary amount sought, nor does it indicate whether the Plaintiff seeks damages above or below the $75,000 amount in dispute required for federal court jurisdiction. The Petition does not otherwise present claims in which it is "facially apparent" that the claims are likely to exceed $75,000. However, Plaintiff previously responded to Requests for Admission by denying that her damages did not exceed $75,000.[26]

31. While Plaintiff did not, per Article 893(A)(1), expressly plead whether the amount of money damages sought exceeds or is less than the requisite amount, Plaintiff's discovery responses establish the requisite jurisdictional amount to allow for removal of this matter to federal court insofar as her claims are concerned.[27]

32. A copy of this Notice of Removal is being served upon Plaintiff and upon the Clerk of Court for the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana.[28]

33. Defendants will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

---

[25] La. C. C. P. Art. 893(A)(1).
[26] Exhibit "B."
[27] *Id.*
[28] Exhibit "H."

4862-8929-9976.1

7

**WHEREFORE**, Defendants, Knight Specialty Insurance Company, Steve Garner, and Norco Corporation, hereby provide notice that this action is duly removed to this Honorable Court, and respectfully request that this Honorable Court maintain jurisdiction over this action for all further proceedings.

Respectfully submitted,

*/s/ Kelsey L. Haddow*
JAMES W. HAILEY, III (23111)
LEE M. PEACOCKE (18374)
KELSEY L. HADDOW (37368)
400 Poydras Street, Suite 1300
New Orleans, Louisiana 70130
Telephone:  504-322-4100
Facsimile:   504-754-7569
***Counsel for Defendants, Knight Specialty Insurance Company, Steve Garner, and Norco Corporation***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon opposing counsel by e-mail, this 13th day of January, 2022.

*/s/ Kelsey L. Haddow*
KELSEY L. HADDOW

4862-8929-9976.1

8