# EXHIBIT "A"

CHARLOTTE MELANCON   DOCKET NO. 132509   SEC: ___

RECEIVED AND FILED
BRIDGET HANNA
CLERK OF COURT

**VERSUS**     2021 OCT 11 A 9:37

KNIGHT SPECIALITY INSURANCE   23RD JUDICIAL DISTRICT COURT
COMPANY, STEVE GARNER
NORCO CORPORATION & GEICO       PARISH OF ASCENSION
CASUALTY COMPANY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**PETITION FOR DAMAGES**</u>    **DIVISION D**

NOW INTO COURT, comes Petitioner, **CHARLOTTE MELANCON** persons of the full age of majority domiciled in Ascension Parish, State of Louisiana, who respectfully represents:

1.

Made defendants herein are:

   a. **KNIGHT SPECIALTY INSURANCE COMPANY**, a foreign company authorized to do business in Louisiana and who can be served through Louisiana Long Arm at Brandywine Village, 1807 N. Market Street, Wilmington, DE 19802-4810;

   b. **STEVE GARNER**, believed a resident of the State of Texas, a person of the lawful age of majority domiciled and residing in the city of Forth Worth of Texas who can be served through personal service at 905 Oak Forest Drive, Fort Worth, TX 76114;

   c. **NORCO CORPORATION** a foreign company authorized to do business in Louisiana and who can be served through Louisiana Long Arm 1085 Jarius Road, Fort Worth, Texas 76179;

   d. **GEICO CASUALTY COMPANY,** a foreign company authorized to do business in Louisiana and who can be served through its registered agent, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809;

2.

The above-named defendant is justly and truly indebted, jointly and in solido, unto Petitioner for damages, injuries, and losses sustained, together with legal interest from the date of judicial demand, costs of these proceedings, and other general and equitable relief described herein for the reasons described hereinafter.

3.

In accordance with Article 42 of the Louisiana Code of Civil Procedure, venue is proper in the Parish of ASCENSION.

4.

On November 3, 2020, **CHARLOTTE MELANCON**, was the owner and operator of a 2016 Toyota Corolla ("the Melancon" vehicle) traveling eastbound on I-10, while existing the interstate in Ascension Parish, State of Louisiana.



Page 1 of 6

5.

At or about that same time, 2005 Volvo VNL, operated by **STEVE GARNER** ("the Garner" vehicle) was in the left lane on East I-10. As **STEVE GARNER** began to exit the interstate he proceeded straight into the intersection, after the light turned green and collided with the Plaintiff's vehicle by side swiping her.

6.

Plaintiff, **CHARLOTTE MELANCON**, was exiting the interstate and once the light turned green, she proceeded through the intersection and the defendant suddenly and without warning, pulled out into the intersection, causing his vehicle to side-swipe the Plaintiff's.

7.

The collision caused by the negligence of **STEVE GARNER** caused serious injuries to **CHARLOTTE MELNACON**.

8.

In no way, did **CHARLOTTE MELACON** contribute to any cause of this accident.

9.

The collision described above was caused solely and proximately by the recklessness, carelessness, negligence and fault of **STEVE GARNER** in the following, non-exclusive, particulars, to-wit:

- A. In failing to keep a proper look out;
- B. In failing to keep the vehicle under proper control;
- C. In operating the vehicle in a wanton and reckless manner with no regard for the rights and safety of others;
- D. In traveling into the lane of travel of the vehicle operated by **CHARLOTTE MELNACON**;
- E. In failing to yield;
- F. In failing to see what she should have seen and if having seen, in failing to heed;
- G. In failing to stop;
- H. In violating the traffic laws of the State of Louisiana; and
- I. Any and all other acts and omissions to be proven through discovery or at the trial of this matter, all of which were in contravention of the exercise of due care and procedure.

10.

Upon information and belief, Defendant, **KNIGHT SPECIALTY INSURANCE COMPANY**, was the liability insurance carrier covering the 2005 Volvo VN VNL being owned by **NORCO CORPORATION** and operated by Defendant, **STEVE GARNER**. The coverage under this policy extends to the involved Defendant in this action and said policy was in full force and

effect at the time and date of the accident cited herein, and which insurance inures to the benefit of Petitioner under the provisions of the Louisiana Direct Action Statute, L.A. R.S. 22:1269.

11.

Upon information and belief at all times material hereto, Defendant, **GEICO CASUALTY COMPANY,** had in full force effect a policy of uninsured/underinsured motorist coverage in favor of Plaintiff, **CHARLOTTE MELANCON.**

12

Petitioner further alleges upon information and belief that under the terms of the said policies, **KNIGHT SPECIALTY INSURANCE COMPANY,** obligated itself to pay any and all damages caused to others as a result of the negligence of **STEVE GARNER** in the operation of said vehicle, and the vehicle being driven by **STEVE GARNER**, described above, was covered by said policy at the time of said collision.

13.

**KNIGHT SPECIALTY INSURANCE COMPANY,** and **STEVE GARNER,** are therefore liable, *in solido*, unto Petitioner in said collision, which is itemized and set out hereafter.

14.

Petitioner herein, **CHARLOTTE MELANCON**, is therefore entitled to damages for the items set forth above in such amounts as are reasonable in the premises.

15.

As a result of the combined fault and/or negligence of the defendants in causing the aforementioned accident, Petitioner, **CHARLOTTE MELANCON,** suffered injuries to various parts of her body, including, but not limited to, the left/right arm, neck, head, back, general soreness to his entire body, and any and all other injuries to be shown upon trial of this matter.

16.

As a result of the accident sued upon herein, Petitioner, **CHARLOTTE MELANCON,** suffered the following damages:

    A.    Physical pain and suffering - past, present and future;
    B.    Mental pain, anguish, and distress - past, present and future;
    C.    Medical expenses - past, present, and future;
    D.    Loss of enjoyment of life - past, present and future;
    E.    Disability- past, present and future;
    F.    Impairment of earning capacity- past, present and future;

G. Lost wages - past, present, and future: and
H. Any and all other damages which shall be proven at trial of this matter.

17.

Pursuant to the provisions of the Louisiana Code of Civil Procedure, Article 1423, et sec., Petitioner is entitled to a certified copy of any insurance policies issued to and/or otherwise insuring **STEVE GARNER** for the claims made by Petitioner herein. Petitioner herein requests a certified copy of any and all such policies of insurance within thirty (30) days of service of the petition upon them.

**WHEREFORE**, Petitioner prays that the defendants be served with a copy of this petition and citation, and after all legal delays and due proceedings had, there be judgment in favor of the Petitioner, **CHARLOTTE MELANCON**, and against the defendants **KNIGHT SPECIALTY INSURANCE COMPANY, NORCO CORPORATION, GEICO CASUALTY COMPANY and STEVE GARNER** jointly, severally, and *in solido* for compensatory damages in an amount that will fully and adequately satisfy the demands of justice and equity, together with legal interest thereon from date of judicial demand, until paid, and for all cost of these proceedings.

Respectfully Submitted:

GORDON MCKERNAN INJURY ATTORNEYS

_____
J. Chandler Loupe (#19955)
Greg Murphy (#19260)
5656 Hilton Avenue
Baton Rouge, LA 70808
Phone: (225) 926-1234
Facsimile: (225) 926-1202

**PLEASE SERVE:**

**KNIGHT SPECIALITY INSURANCE COMPANY**
Through the Louisiana Long Arm Statute
Brandywine Village
1807 N. Market Street
Wilmington, DE 19802-4810

**STEVE GARNER**
Through the Louisiana Long Arm Statute
905 Oak Forest Drive
Fort Worth, Texas 76114

**NORCO CORPORATION**
Through the Louisiana Long Arm Statute
1085 Jarius Road
Fort Worth, TX 76179

A TRUE COPY
Darla Brown
10/11/2021

Page 4 of 6

**GEICO CASUALTY COMPANY**
Through their agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

CHARLOTTE MELANCON  DOCKET NO. 132509 SEC: __

VERSUS

KNIGHT SPECIALITY INSURANCE  23RD JUDICIAL DISTRICT COURT
COMPANY, STEVE GARNER
NORCO CORPORATION & GEICO  PARISH OF ASCENSION
CASUALTY COMPANY

RECEIVED AND FILED
BRIDGET HANNA
CLERK OF COURT
2021 OCT 11 A 9: 37

*Darla Brown*
CLERK & RECORDER
ASCENSION PARISH, LA.

---

**REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND
WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED**

---

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to send to us, J. Chandler Loupe, Gordon McKernan Injury Attorneys, as counsel for Plaintiff, **CHARLOTTE MELANCON.**, in the above captioned matter, written notice by mail, at least ten (10) days in advance of any date fixed for any trial or hearing on this case, whether on exception, rules, or on the merits thereof, or any assignment of fixing of said case.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby also requested to send to us immediately notice of any order or judgment made or rendered in this case, upon the entry of such order or judgment. This request for notice is made with full reservation of all rights, and we thank you for your customary courtesy and cooperation.

Respectfully Submitted,

**GORDON McKERNAN INJURY ATTORNEYS**

_____
J. Chandler Loupe (#19955)
Greg Muphy (#19260)
5656 Hilton Avenue
Baton Rouge, LA 70808
Telephone: (225) 926-1234
Facsimile: (225) 926-1202